IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Edward W. Nottingham**

Civil Action No. 06–cv–02390–EWN–BNB

TAMARA J. MUHIC,

     Plaintiff,

v.

PUEBLO COMMUNITY COLLEGE,

     Defendant.

---

# ORDER

---

This matter is before the court with regard to "Plaintiff's Response Brief in Opposition to Defendant's Memorandum Brief in Support of its Motion for Summary Judgment," filed yesterday.  After perusing the brief, the court concluded that Plaintiff's egregious disregard for its procedural rules requires that her brief be stricken and re-filed.

Plaintiff's brief fails to comport with this court's practice standard concerning responses to the factual allegations of the summary judgment movant, which provides:

> Any party opposing the motion for summary judgment shall, in a section of the brief . . . styled "Response to Statement of Undisputed Material Facts," admit or deny the asserted material facts set forth by the movant. . . .  Any denial shall be accompanied by a ***brief*** factual explanation of the reason(s) for the denial and a specific reference to material in the record supporting the denial.

(Practice Standards — Civil: Special Instructions Concerning Motions for Summary Judgment ¶ 4.)  This rule exists for a reason.  It focuses the parties on specific facts and permits the court to

distinguish between those specific allegations which are truly at issue and those which are not.

*Webster's* defines "brief" as "CONCISE, SUCCINCT." *Webster's Third New International Dictionary* 277 (1986). Contrary to both plain English and this court's straightforward practice standard, Plaintiff has set forth numerous *lengthy* paragraphs containing multiple factual allegations. (*See, e.g.*, Pl.'s Resp., Resp. to Statement of Facts ¶¶ 9, 10–12, 105.) Mystifyingly, many of Plaintiff's *admissions* span multiple pages — indeed, one spans three pages, another spans four pages, and yet another spans a six pages. (*See, e.g.*, *id.* ¶¶ 10–11, 15, 28, 72.) Adding insult to injury, Plaintiff engages in the haphazard practice of citing the record at the end of her lengthy paragraphs of allegations, rather than tying each specific factual contention to a specific piece of evidence that supports it. (Pl.'s Resp., *passim.*)

Further, the court notes that Plaintiff's factual responses are replete with legal argument. (*See, e.g.*, *id.* ¶¶ 11, 50, 71.) This also flaunts my practice standards:

> The sole purpose of these procedures is to establish facts and determine which of them are in dispute. *Legal* argument is not permitted here and should be reserved for separate portions of the briefs. If it is believed that an established fact is immaterial, for example, that belief should be expressed in the part of the briefs devoted to legal argument, and the fact should be admitted. If, on the other hand, it is believed that the reference to material in the record simply does not support the claimed fact, that factual argument may appropriately be made pursuant to these procedures.

(Practice Standards — Civil: Special Instructions Concerning Motions for Summary Judgment ¶ 7; *see id.* ¶ 8.) Rather than require Defendant to hunt down the factual record supporting Plaintiff's abusive, compound, factual/legal allegations and then form a coherent response thereto, the court will strike Plaintiff's brief and require a compliant submission.

Additionally, Local Rule 56.1 provides that exhibits in support of summary judgment briefs are to be individually numbered.  D.C.COLO.LCivR 56.1C (2007).  For reasons known only to Plaintiff, she failed to number any of the affidavits or deposition transcripts she filed as exhibits.  When Plaintiff resubmits her brief, *all* of her exhibits will be numbered in accordance with the local rules.

Based on the foregoing it is therefore ORDERED that:

1.    Plaintiff's response to Defendant's motion for summary judgment (#23) is STRICKEN.

2.    Plaintiff has ten days from the date of this order to submit a compliant brief.

Dated this 11th day of September, 2007

BY THE COURT:


s/ Edward W. Nottingham
EDWARD W. NOTTINGHAM
Chief United States District Judge